**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**
**Plaintiff,**
**v.**                                              **Case No. 2:20-cr-62 (1-2)**
                                                    **JUDGE SARAH D. MORRISON**


**STEVEN G. ROSSER and**
**WHITNEY R. LANCASTER,**
**Defendants.**


**ORDER**

This matter comes before the Court for consideration of Defendant's Joint Motion to

Continue and Extend Time to File (ECF No. 25) with respect to the final pre-trial currently

scheduled for June 30, 2020 and the jury trial currently scheduled for July 6, 2020. In this

motion, Counsel seeks a continuance based upon the parties requiring additional time for

preparation due to the voluminous discovery. The Court finds the motion well taken and

concludes that the ends of justice served by granting the requested continuance outweigh the best

interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

"The Speedy Trial Act of 1974 provides, *inter alia*, that in 'any case in which a plea of

not guilty is entered, the trial . . . shall commence within seventy days' after the arraignment, 18

U.S.C. § 3161(c)(l), but lists a number of exclusions from the 70-day period . . . ." *U S. v.

Tinklenberg*, 563 U.S. 647, syllabus (2011). A court may set a trial date outside the Speedy Trial

Act's 70-day rule "if the judge grant[s] such continuance on the basis of h[er] findings that the

ends of justice served by taking such action outweigh the best interest of the public and the

defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting such a continuance, a

1

court may consider a number of factors including whether failure to grant a continuance would

"result in a miscarriage of justice" or whether the "failure to grant such a continuance in a case

which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny

counsel for the defendant or the attorney for the Government the reasonable time necessary for

effective preparation, taking into account the exercise of due diligence. . . ." 18 U.S.C. §

3161(h)(7)(B)(i) and (iv).

Defendants' counsel opines that a continuance is necessary to effectuate effective

preparation and prevent manifest injustice. The Government does not oppose the continuance.

Therefore, the Court will set a trial date outside the Speedy Trial Act's 70-day rule, because "the

ends of justice served by [taking such action] outweigh the best interest of the public and the

defendant[s] in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).

Consequently, the Court sets forth the following findings:

> (1) The Court is available to try this case on July 6, 2020,
> beginning at 9:00 a.m.
> (2) Defendant seeks a continuance based upon the parties requiring
> additional time for preparation due to the voluminous discovery.
> (3) The failure to grant the requested continuance would likely
> result in a miscarriage of justice in this case. 18 U.S.C. §
> 3161(h)(7)(B)(i).
> (4) The failure to grant the requested continuance would deny
> counsel for the defendant or the attorney for the Government the
> reasonable time necessary for effective preparation. 18 U.S.C. §
> 3161(h)(7)(B)(iv).
> (5) The delay occasioned by the continuance is properly excluded
> from the time limits of the Speedy Trial Act.

2

Given the enumerated findings, the Court **GRANTS** the Motions to Continue Pretrial and

Trial Date. The Court hereby establishes the following trial schedule:

All Pretrial Motions, including motions *in limine*, shall be filed on or before
**October 5, 2020**. Motions may not exceed ten (10) pages.
Joint Jury Instructions, with objections, the grounds therefore and alternative
language clearly marked, shall be filed on or before September 14, 2020. A copy
shall also be e-mailed to Amy_Vogel@ohsd.uscourts.gov in Word format with all
counsel copied on the e-mail.
Responses to all Pretrial Motions shall be filed on or before **October 12, 2020**.
Responses are limited to ten (10) pages.
No reply memoranda are permitted without leave of court.
Final Pretrial Conference is rescheduled for **November 2, 2020 at 2:30 p.m**.
Jury Trial is rescheduled for **November 9, 2020 at 9:00 a.m. in Courtroom #132**.


**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**