**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                                              Case No. 2:20-cr-62
                                                                                JUDGE SARAH D. MORRISON

**STEVEN G. ROSSER,
WHITNEY R. LANCASTER,**

      **Defendants.**

## ORDER

This matter comes before the Court for consideration of the Joint Motion to Continue Trial and Extend Time to File (ECF No. 27) with respect to the final pre-trial currently scheduled for November 2, 2020 and the jury trial currently scheduled for November 9, 2020. In this motion, Defendant seeks a continuance based upon needing more time to continue diligently reviewing the voluminous discovery materials and prepare for additional discovery being produced in the near future from the government, specifically anticipated supplemental discovery including a report generated by the FBI based off GPS information from cellular devices, as well as additional witness statements.  Defense counsel therefore need additional time to review these materials, determine whether pre-trial motions are merited, and to conduct any necessary follow-up defense investigation based on that review.  The Court finds the motion well taken and concludes that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

"The Speedy Trial Act of 1974 provides, *inter alia*, that in 'any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days' after the arraignment, 18

1

U.S.C. § 3161(c)(l), but lists a number of exclusions from the 70-day period . . . ." *U S. v. Tinklenberg*, 563 U.S. 647, syllabus (2011). A court may set a trial date outside the Speedy Trial Act's 70-day rule "if the judge grant[s] such continuance on the basis of h[er] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting such a continuance, a court may consider a number of factors including whether failure to grant a continuance would "result in a miscarriage of justice" or whether the "failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. . . ." 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

Defendant's counsel seeks a continuance based on needing more time to complete a review of the supplemental discovery materials in this case prior to being able to determine the applicability of any appropriate legal motions or be effectively prepared for trial.  Additionally, defense needs more time for investigation and preparation for trial. The Government does not oppose the continuance. Therefore, the Court will set a trial date outside the Speedy Trial Act's 70-day rule, because "the ends of justice served by [taking such action] outweigh the best interest of the public and the defendant[s] in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).

Consequently, the Court sets forth the following findings:

> (1) The Court is available to try this case on November 9, 2020, beginning at 9:00 a.m.
> (2) Defendant seeks a continuance based upon needing more time to continue diligently reviewing the voluminous discovery materials and prepare for additional discovery being produced in the near future from the government, specifically anticipated supplemental discovery including a report generated by the FBI based off GPS information from cellular devices, as well as

2

additional witness statements.  Defense counsel therefore need additional time to review these materials, determine whether pre-trial motions are merited, and to conduct any necessary follow-up defense investigation based on that review.
(3) The failure to grant the requested continuance would likely result in a miscarriage of justice in this case. 18 U.S.C. § 3161(h)(7)(B)(i).
(4) The failure to grant the requested continuance would deny the parties reasonable time necessary for effective preparations, taking into account the exercise of due diligence, as well as deny the defendant continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv).
(5) The delay occasioned by the continuance is properly excluded from the time limits of the Speedy Trial Act.

Given the enumerated findings, the Court **GRANTS** the Joint Motion to Continue Trial and Motions Deadline. The Court hereby establishes the following trial schedule:

All Pretrial Motions, including motions *in limine*, shall be filed on or before **February 3, 2021**. Motions may not exceed ten (10) pages.
Joint Jury Instructions, with objections, the grounds therefore and alternative language clearly marked, shall be filed on or before **February 17, 2021**. A copy shall also be e-mailed to Amy_Vogel@ohsd.uscourts.gov in Word format with all counsel copied on the e-mail.
Responses to all Pretrial Motions shall be filed on or before **February 10, 2021**. Responses are limited to ten (10) pages.
No reply memoranda are permitted without leave of court.
Final Pretrial Conference is rescheduled for **March 1, 2021 at 2:00 p.m**.
Jury Trial is rescheduled for **March 8, 2021 at 9:00 a.m. in Courtroom #132**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**