UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                               Case No. 2:20-cr-62
                                    JUDGE SARAH D. MORRISON

**STEVEN G. ROSSER,**
**WHITNEY R. LANCASTER,**

      **Defendants.**

## ORDER SETTING AMENDED CASE SCHEDULE

This matter comes before the Court for consideration of a Motion to Continue Trial and to Propose Deadlines (ECF No. 47) filed by the Government regarding to the currently-scheduled August 16, 2021 final pre-trial and the August 23, 2021 jury trial. The Government seeks a continuance based upon extensive discovery and recent discussions among the parties indicating that the matter will not be resolved via plea agreement(s). *Id*. The Government further requests a designation under 18 U.S.C. §3161(h)(7)(B)(ii) that this case is unusual or complex so as to toll speedy trial considerations. *Id*. Defendants concur with the requested designation. *Id*.

The Court concurs with the parties and determines that this matter is so unusual or so complex under 18 U.S.C. §3161(h)(7)(B)(ii) because the discovery already provided is over 990 gigabytes of material. The Court finds this aspect of the Motion to be well-taken and concludes that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the

1

defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Thus, the agreed motion is **GRANTED** and the Court will set a trial date outside the Speedy Trial Act's 70-day rule. *See also* ECF Nos. 28, 35. The delay occasioned by the continuance is properly excluded from the time limits of the Speedy Trial Act.

The Court **GRANTS** the Motion to continue the case schedule with new dates set forth as below.

### I. TRIAL DATE

The Final Pretrial Conference is set for **January 18, 2022 at 1:30 p.m**. in Judge Morrison's conference room. This case is set for jury trial on **January 24, 2022 at 9:00 a.m.** in Courtroom # 132.

### II. DISCOVERY AND INSPECTION

Counsel for Defendant is directed to contact the Assistant United States Attorney prosecuting this case to arrange a meeting for the purpose of resolving all requests for discovery permitted under the Federal Rules of Criminal Procedure, including Rule 16.[1] Upon request for discovery by counsel for Defendant, the Government shall disclose of evidence discoverable under the terms and conditions of Rule 16 and in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963). Any response to Defendant's request for discovery must be filed within one week of the filing of such request.

---

[1] Unless otherwise specified, citation to any "Rule" shall refer to the Federal Rules of Criminal Procedure.

The discovery conference shall be held as promptly as possible but, in any event, prior to **August 18, 2021.** If, at any time, any party fails to comply with Rule 16, such failure shall be brought to the Court's attention by a specific motion to compel discovery. Motions to compel shall be filed within one week of the date of a party's denial of the initial request.

### III. PLEA NEGOTIATIONS AND PLEA AGREEMENT

Plea agreement discussions between the Assistant United States Attorney and counsel for Defendant, pursuant to Rule 11, shall begin as soon as practicable. If a plea agreement is reached, counsel must promptly notify the Court. Upon receiving such notice, the Court will set a change of plea hearing.

If needed, a/the Lafler hearing(s) will take place on **December 16, 2021 at 10:00 a.m.** in Courtroom # 132.

### IV. MOTIONS

***All*** motions of ***any*** kind, including but not limited to motions *in limine*, to suppress, to sever, and to dismiss, must be filed on or before **October 4, 2021.** All briefs in opposition must be filed on or before **October 18, 2021.** Motions and Oppositions shall be limited to ten (10) pages. Reply briefs will not be permitted. Any motion must state whether and why an evidentiary hearing is required. If the Court agrees, a hearing will be set.

Any motion to continue the trial date established by this Order must be in writing and filed at least ten days prior to the scheduled trial date. The motion

must identify those factors listed in 18 U.S.C. § 3161(h)(7)(B) which the movant contends support the motion.

## V. JENCKS MATERIAL

The Government shall disclose preliminary Jencks materials on **December 6, 2021**.

The Government shall disclose sensitive Jencks materials on **January 10, 2022**.

## VI. EXPERT DISCLOSURES

The Government and Defendants shall each file expert disclosures on **November 24, 2021**.

## VII. EXHIBITS

Counsel will mark all exhibits and assemble them in tabbed, three-ring binders. The government's exhibits will bear the prefix G followed by Arabic numerals. Defendant's exhibits will bear the prefix D followed by Arabic numerals. Joint exhibits will bear the prefix J followed by Arabic numerals.

The parties shall submit three copies of their tabbed exhibit binders to the Court on **January 19, 2022**. Counsel shall provide one copy of their tabbed exhibit notebook(s) to opposing counsel on **January 19, 2022**. The government will be responsible for providing binders containing any joint exhibits. Each exhibit binder must include a list of the exhibits in that binder.

Counsel may not approach a witness at trial to tender an exhibit. Instead, the Courtroom Deputy will present each exhibit to the witness. As applicable, questions directed towards a witness must specify the relevant exhibit's designation.

Exhibits produced for the first time during trial, such as those used for impeachment, shall be marked and then tendered to the Courtroom Deputy and displayed to opposing counsel. The proponent's counsel must be prepared to provide copies of such exhibits to opposing counsel, the Court, and the law clerk at the time they are presented to a witness.

Original exhibits must be returned to the Courtroom Deputy at the close of each trial session. Counsel shall be responsible for any exhibits they expect to use during trial.

### VIII.  STIPULATIONS

Any stipulations must be filed on **December 16, 2021**.

### IX.  VOIR DIRE EXAMINATION

#### A.  Party Submissions

The parties' proposed *voir dire* questions shall be filed on **December 16, 2021.**

#### B.  Questioning

The entire panel of prospective jurors—those in the jury box and those in the rear of the Courtroom—will be examined in one continuous examination.

The Clerk's Office will assign a number to each prospective juror. Counsel will be provided with a list of the jurors' names and juror numbers prior to the commencement of trial. When challenging a juror, counsel should refer to the juror by number only.

The Court will conduct a preliminary *voir dire* examination tailored to the issues in the case being tried. Counsel may supplement the Court's examination,

but may not repeat any question already put to the panel by the Court. Counsel must address their questions to the whole panel and may not question an individual juror *unless* a specific juror's response to a question put to the whole panel justifies further inquiry.

Counsel will not be permitted to question jurors individually regarding background information. This information is contained in the juror questionnaire forms on file in the Clerk's Office. Counsel should examine these questionnaires prior to the commencement of trial. Counsel may inquire regarding any omission in a juror's answer to the juror questionnaire or, after obtaining the Court's permission, regarding any inquiry justifiably elicited by information contained in the juror questionnaire.

### C.     Challenges

After questioning, the Court will go to sidebar for the juror challenge process. Counsel will accept, challenge for cause, or peremptorily challenge the entire panel of potential jurors in a continuous sequence.

Any juror seated in the jury box who is excused will be replaced by the next available juror from the rear of the Courtroom.

Each party will be entitled to the number of peremptory challenges set forth in Rule 24. Peremptory challenges will be directed only to the prospective jurors seated in the jury box. The parties will exercise their peremptory challenges alternately, with the government exercising the first challenge and, in a felony case, Defendant offering two challenges per turn. If either party "passes," that challenge will be considered as used. After the twelve regular jurors have been fully qualified,

and counsel for both parties state that they are satisfied, peremptory challenges as to any alternate jurors will be exercised in the same manner.

## X. SUPPLEMENTAL JURY QUESTIONNAIRES

If desired, the parties shall submit a supplemental jury questionnaire to the Court for consideration on **October 4, 2021**. If the parties cannot agree on the language of a questionnaire, they may submit their own questions independently by the same deadline.

## XI. PROPOSED JURY INSTRUCTIONS

On **December 16, 2021**, the parties shall jointly file proposed jury instructions, verdict forms, and interrogatories (if applicable). A courtesy copy shall also be sent, in Word format, to the Court's law clerk at [Amy_Vogel@ohsd.uscourts.gov](mailto:Amy_Vogel@ohsd.uscourts.gov). The proposed jury instructions shall include citations to supporting authorities. If any party objects to the proposed instructions, the objecting party shall note the specific objection and the grounds therefor, and include alternative proposed instructions, in the same filing.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**