UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case No. 2:20-cr-62
                                  JUDGE SARAH D. MORRISON

STEVEN G. ROSSER,
WHITNEY R. LANCASTER,

        Defendants.

## ORDER SETTING SECOND AMENDED CASE SCHEDULE

Due to the recent marked rise in COVID-19 cases within the District, and with the consent of all parties, the Court **VACATES** all present remaining dates and **AMENDS** the case schedule as noted below.

### I. TRIAL DATE

The Final Pretrial Conference is set for **February 7, 2022 at 1:30 p.m**. in Judge Morrison's conference room. This case is set for jury trial on **February 14, 2022 at 9:00 a.m.** in Courtroom # 132.

### II. JENCKS MATERIAL

The Government shall disclose sensitive Jencks materials on **January 31, 2022**.

1

### III. EXHIBITS

Counsel will mark all exhibits and assemble them in tabbed, three-ring binders. The government's exhibits will bear the prefix G followed by Arabic numerals. Defendant's exhibits will bear the prefix D followed by Arabic numerals. Joint exhibits will bear the prefix J followed by Arabic numerals.

The parties shall submit three copies of their tabbed exhibit binders to the Court on **February 9, 2022**. Counsel shall provide one copy of their tabbed exhibit notebook(s) to opposing counsel on **February 9, 2022**. The government will be responsible for providing binders containing any joint exhibits. Each exhibit binder must include a list of the exhibits in that binder.

Counsel may not approach a witness at trial to tender an exhibit. Instead, the Courtroom Deputy will present each exhibit to the witness. As applicable, questions directed towards a witness must specify the relevant exhibit's designation.

Exhibits produced for the first time during trial, such as those used for impeachment, shall be marked and then tendered to the Courtroom Deputy and displayed to opposing counsel. The proponent's counsel must be prepared to provide copies of such exhibits to opposing counsel, the Court, and the law clerk at the time they are presented to a witness.

Original exhibits must be returned to the Courtroom Deputy at the close of each trial session. Counsel shall be responsible for any exhibits they expect to use during trial.

## II. VOIR DIRE EXAMINATION

### A. Questioning

The entire panel of prospective jurors—those in the jury box and those in the rear of the Courtroom—will be examined in one continuous examination.

The Clerk's Office will assign a number to each prospective juror. Counsel will be provided with a list of the jurors' names and juror numbers prior to the commencement of trial. When challenging a juror, counsel should refer to the juror by number only.

The Court will conduct a preliminary *voir dire* examination tailored to the issues in the case being tried. Counsel may supplement the Court's examination, but may not repeat any question already put to the panel by the Court. Counsel must address their questions to the whole panel and may not question an individual juror *unless* a specific juror's response to a question put to the whole panel justifies further inquiry.

Counsel will not be permitted to question jurors individually regarding background information. This information is contained in the juror questionnaire forms on file in the Clerk's Office. Counsel should examine these questionnaires prior to the commencement of trial. Counsel may inquire regarding any omission in a juror's answer to the juror questionnaire or, after obtaining the Court's permission, regarding any inquiry justifiably elicited by information contained in the juror questionnaire.

**B.     Challenges**

After questioning, the Court will go to sidebar for the juror challenge process. Counsel will accept, challenge for cause, or peremptorily challenge the entire panel of potential jurors in a continuous sequence.

Any juror seated in the jury box who is excused will be replaced by the next available juror from the rear of the Courtroom.

Each party will be entitled to the number of peremptory challenges set forth in Rule 24. Peremptory challenges will be directed only to the prospective jurors seated in the jury box. The parties will exercise their peremptory challenges alternately, with the government exercising the first challenge and, in a felony case, Defendant offering two challenges per turn. If either party "passes," that challenge will be considered as used. After the twelve regular jurors have been fully qualified, and counsel for both parties state that they are satisfied, peremptory challenges as to any alternate jurors will be exercised in the same manner.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**