# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:20-cr-62 (1) |
| vs. | : | JUDGE MORRISON |
| STEVEN G. ROSSER, | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF CO-CONSPIRATOR HEARSAY STATEMENTS

Defendant Steven Rosser, through counsel, respectfully moves this Court for an order precluding admission at trial of any out-of-court statements purportedly made by any indicted or unindicted co-conspirators which directly or indirectly referred to Defendant, or which otherwise may be used to incriminate Defendant. Reasons for this motion are explained in the below Memorandum in Support.

Respectfully submitted,

**/s/ Robert F. Krapenc**
ROBERT F. KRAPENC
Ohio Supreme Court No. 0040645
150 East Mound Street, Suite 310
Columbus, Ohio 43215
P: (614) 221-5252
F: (614) 224-7101
Bob@Krapenclaw.com
Counsel for Defendant Steven Rosser

## MEMORANDUM IN SUPPORT

Defendant Steven G. Rosser is charged with two Counts of Conspiracy to Violate Another Person's Civil Rights, in violation of 18 U.S.C. § 241. His co-defendant, Whitney Lancaster, is charged only in the second Count of the Indictment.

Count Two alleges that both defendants, along with others, both known and unknown to the grand jury, did knowingly and willfully conspire and agree together and with each other to injure, oppress, threaten, and intimidate a person known to the grand jury ("A.S") in the free exercise and enjoyment of the rights secured to him by the Constitution and the laws of the United States.

Undersigned Counsel anticipates that the Government will attempt to offer into evidence out-of-court statements made by one or more indicted or unindicted co-conspirators at trial. Counsel further anticipates that some or all of those out-of-court statements either refer to Mr. Rosser, directly, or indirectly, or otherwise would be used to incriminate Mr. Rosser.

Pursuant to Rule 801(d)(2)(e) of the Federal Rules of Evidence, statements that would otherwise be hearsay are admissible if they are "by a co-conspirator of a party during the course and in furtherance of the conspiracy."   For a declaration by a co-conspirator to be admissible under this subsection of Rule 801, the Government must establish by a preponderance of the evidence the following: (1) that a conspiracy existed, (2) that the defendant and declarant were members of that conspiracy, and (3) that the statements were made during the course and in furtherance of the conspiracy. *See United States v. Enright*, 579 F.2d 980 (6th Cir. 1978). The Government is required to satisfy this burden before such out-of-court statements are by a co-conspirator are admissible because out-of-court statements are generally presumed to be unreliable, unless such presumption is adequately rebutted by sufficient proof. *See Bourjaily v.*

*United States*, 483 U.S. 171, 179 (1987).

In *United States v. Vinson*, 606 F.2d 149 (6th Cir. 1979), the United States Court of Appeals for the Sixth Circuit set forth alternative means for district judges to structure conspiracy trials that would allow the Government to present its proof while at the same time protecting defendants from inadmissible hearsay.

The first method is for the Court to conduct a pre-trial hearing, in which the Court hears the Government's proof of conspiracy, and makes a finding regarding the admissibility of the co-conspirators statement.

The second method requires the Government to first meet its burden of proving the existence of the conspiracy by producing non-hearsay evidence of the conspiracy during trial, allowing the Court to make the determination of the admissibility of co-conspirator statements before such statements could be introduced to the jury.

Finally, the Court could admit hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence. If the Government fails to meet its burden, the Court should grant Defendant's motion for a mistrial, unless a cautionary instruction would cure the prejudicial effect of the admission of the hearsay statement.

The Government may argue that the Court should consider the proffered statement as evidence that a conspiracy existed and the defendant participated in it. However, case law across circuits has held that while a court *may* consider the proffered statement itself in determining the existence of a conspiracy, and a defendant's participation in it, such statements are presumptively unreliable; thus, for such a statement to be admissible, some independent corroborations is required. *See, e.g. United States v. El-Mezain*, 664 F.3d 467, 502 (5th Cir. 2011); *United States v. Diaz*, 176 F.3d 52, 83 (2d Cir. 1999); *United States v. Clark*, 18 F.3d 1337, 1341-42 (6th Cir. 1994).

In this case, any out-of-court statements by con-conspirators which the Governments seeks to admit at trial should be carefully reviewed by the Court *before* their admission, and should be admitted only if the Government satisfies the burden set forth above. In order to minimize any prejudicial impact of such statements, the Court should make a determination as to their admissibility before the statements are presented to the jury.   Otherwise, if the Government fails to satisfy that burden, the jury will have heard the damaging statements and will have difficulty not considering them in their deliberations, even if the Court gives a curative instruction.

Therefore, Defendant respectfully requests that this Court rule that any out-of-court statements by co-conspirators are inadmissible at trial in this case, unless the Government has satisfied its burden of proof that the hearsay exception under Rule 801(d)(2)(E) applies to such statement. Furthermore, Defendant requests that this Court make such a determination as to admissibility of these out-of-court statements before the statements are actually presented to the jury.

Respectfully submitted,

**/s/ Robert F. Krapenc**
ROBERT F. KRAPENC
Ohio Supreme Court No. 0040645
150 East Mound Street, Suite 310
Columbus, Ohio 43215
P: (614) 221-5252
F: (614) 224-7101
Bob@Krapenclaw.com
Counsel for Defendant Steven Rosser

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to the following on February 7, 2022, by electronic mail:

Assistant U.S. Attorneys Kevin Kelley and Noah Litton
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215

David Thomas
Kathryn S. Wallrabenstein
Counsel for Defendant Whitney Lancaster

                                                **/s/ Robert F. Krapenc**
                                                ROBERT F. KRAPENC