IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:20-cr-62 (2) |
| vs. | : | JUDGE MORRISON |
| WHITNEY R. LANCASTER, | : | |
| Defendant. | : | |

## MOTION IN LIMINE TO EXCLUDE EVIDENCE

Defendant Whitney Lancaster, by and through undersigned counsel, respectfully moves this Court in limine for an Order prohibiting the introduction of the nature of Defendant Lancaster's brother's death at trial. More specifically, Defendant Lancaster moves to exclude any references to his brother's "murder" and any theories as to the motive behind the murder. Admission of these allegations would violate Rules 402, 403, and 404 of the Federal Rules of Evidence. The reasons in support of this Motion are set forth in the following Memorandum.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
65 East State Street, Suite 1000
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

## MEMORANDUM

A federal Grand Jury indicted Defendants Steven Rosser and Whitney Lancaster (collectively, "Defendants") on March 25, 2020. Defendant Steven Rosser is charged in Count One with Conspiracy to Violate Another Person's Civil Rights in violation of 18 USC § 241. Both Defendants are charged in Count Two with Conspiracy to Violate Another Person's Civil Rights in violation of 18 USC § 241. (Doc. 5, Indictment).

The parties have stipulated that Defendant Lancaster was on bereavement leave from April 16, 2018 until April 21, 2018 "following the death of his brother." Defendant Lancaster's brother, Todd Lancaster, was murdered by Hasani Goosby Jr., who is currently awaiting trial. Mr. Goosby is charged with the aggravated murder of Todd Lancaster, among other offenses, in Franklin County Common Pleas Case Number 18 CR 5332. Based on recent discovery disclosures, Defendant Lancaster seeks to exclude any reference to his brother's death as being "murder," and further seeks to exclude any testimony about purported motives behind the murder. Various witness statements allege Todd Lancaster was involved in narcotics trafficking. Further, other witnesses speculate Defendant Lancaster was involved in his brother's death. Such salacious and unfounded allegations, which have no relevance to the counts remaining in the Indictment and no basis in fact should not be admitted.

Defendant Lancaster is before the Court requesting an Order *in limine* prohibiting the introduction of testimony and evidence pertaining to the nature of his brother's death (murder) and any speculation regarding his death. The nature of his death and speculation about it are irrelevant and inadmissible pursuant to Rule 402 of the Federal Rules of Evidence. FED. R. EVID. 402. As this Court is aware, relevant evidence is evidence having "any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. In the instant case, there

is no indication that the nature of Todd Lancaster's death, nor the unsupported allegations pertaining to the alleged motivations of his killer, will make any fact of the charges currently pending against Defendants more or less likely. Accordingly, the evidence is irrelevant and inadmissible.

Furthermore, even if the evidence was relevant, any probative value is substantially outweighed by the danger of unfair prejudice to Defendant Lancaster. FED. R. EVID. 403. The application of Rule 403 is a three step process. First, this Court must determine the probative value of the proffered evidence. Here, there is no probative value. The evidence does not relate to any of the charges set forth in the indictment. Even assuming, *arguendo*, there is probative value, the second step of the analysis is to determine any danger of unfair prejudice, confusing the issues, wasting time, and/or of misleading the jury. Here, those dangers are profound. To allow unsupported allegations that Todd Lancaster was involved in narcotics trafficking, or that Defendant Lancaster was somehow involved, would create unfair prejudice towards Defendant Lancaster, confuse the issues, waste time, and mislead the jury. While Todd Lancaster's death is not an issue in any of the charges set forth in the Indictment, jurors are likely to confuse the issues and believe that such information somehow indicates Defendant Lancaster was involved in the murder of his brother or otherwise involved in criminal activity and that therefore Defendant committed the charged civil rights violation. Any arguable probative value is therefore substantially outweighed by the danger of unfair prejudice, confusion of the issues, wasting time, and misleading the jury, and the evidence should be excluded.

Finally, this testimony and evidence amounts to impermissible character evidence under Rule 404(b) of the Federal Rules of Evidence. This rule states, "evidence of any crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular

3

occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). None of the exceptions set forth in 404(b)(2) apply. Thus, the baseless accusations by Government witnesses that Defendant Lancaster was involved in his brother's death are impermissible character evidence of another purported bad act by Defendant and is inadmissible under Rule 404(b).

## CONCLUSION

The evidence and testimony pertaining to the nature of Todd Lancaster's death, purported motives of his killer, and unfounded accusations of Defendant Lancaster's involvement, is inadmissible. The information is not relevant, as it does not have a tendency to make the existence of any consequential fact more or less probable. Additionally, the Government has not charged Defendants with any offense related to Todd Lancaster's death, or purported drug trafficking. Furthermore, any probative value of this information is substantially outweighed by the danger of unfair prejudice, confusion of the issues, wasting time, and/or of misleading the jury. Accordingly, Defendant Lancaster respectfully moves this Court for an Order *in limine* prohibiting the introduction of any such evidence or testimony at trial.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
65 East State Street, Suite 1000
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to the following on February 10, 2022, by electronic mail:

Assistant U.S. Attorneys Kevin Kelley and Noah Litton
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215

Robert Krapenc
Attorney for Defendant Steven Rosser
150 East Mound Street, Suite 310
Columbus, Ohio 43215

                                                  **/s/ David H. Thomas**
                                                  DAVID H. THOMAS